Morris E. Spector, J.
In this matter an action was initiated in this court by an employee. The complaint consisted of two causes of action, the first against a union and his employer as well as some individuals for conspiring to cause his unlawful discharge, the second against his employer for unlawful discharge. A motion was made by the union to stay the proceeding until arbitration was had according to the collective bargaining agreement between the union and the employer. An order was entered by consent of the parties granting the stay.
This is a motion to confirm the award. The employee contends that he wasn not a party to the arbitration and that judgment cannot be entered against him and that he may continue his action in this court. With these contentions the court is not in agreement. The employee is bound by the award in arbitration (Matter of Mencher [Abeles & Kahn], 274 App. Div. 585, 590).
However, there is another phase of this proceeding that is more difficult to determine. If the sole claim of the employee was based on the first cause of action, i.e., conspiracy, that matter could not have been referred to arbitration, as it would not have been an arbitrable controversy under the terms of the *878 contract. A reading of the submission indicates that such question was never before the arbitrator and, therefore, was never decided. The consent of the employee to the arbitration was based on the submission. While it is true that the finding of the arbitrator, that the employee was discharged for just cause, bears on the question of conspiracy, the court cannot agree with the assertion of the employer that the causes of action were based upon and covered by the collective bargaining agreement. Accordingly, the award of the arbitrator is confirmed, however, as it applied only to the second cause of action and as there was no valid submission on the question of conspiracy, said confirmation extends only to the award as it applies to the second cause of action. Judgment is directed to be entered on said award but also is limited to the second cause of action. The arbitration having been completed, the stay heretofore granted, by terms of the order allowing it, has been lifted and the plaintiff may pursue his action in this court under the first cause of action.
Settle order.